UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** John A. Aragon and Annette Chavez Aragon

**Case Number:** 04-12685

## Document Information

**Description:** Memorandum Opinion re: [48-1] Objection To Claim Objection filed by Debtor Annette Chavez Aragon, Debtor John A. Aragon to Claim of NM Taxation & Revenu Dept.; Claim Number 9 by John A. Aragon, Annette Chavez Aragon .

**Received on:** 2005-07-01 11:44:11.000

**Date Filed:** 2005-07-01 00:00:00.000

**Date Entered On Docket:** 2005-07-05 00:00:00.000

## Filer Information

**Submitted By:** James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
John A. Aragon
and Annette Chavez Aragon,
    Debtors.                  No. 13-04-12685 SS

### MEMORANDUM OPINION AND ORDER ON OBJECTION TO CLAIM 9

This matter is before the Court on the Debtor's Objection to Proof of Claim 9 by the New Mexico Taxation and Revenue Department ("NMTRD")(doc. 48). NMTRD filed a response to the objection (doc. 52) and the parties have submitted briefs in connection with the legal issues (docs. 58, 59 and 61). This is a core proceeding. 28 U.S.C. § 157(b)(2)(B).

The facts are not disputed. Mr. Aragon is a New Mexico attorney. He and his wife filed a joint Chapter 13 bankruptcy petition on April 14, 2004. On or about December 8, 2004, Mr. Aragon submitted income and gross-receipts tax returns to NMTRD. The gross receipts taxes were for periods from May 1997 to June 2004. Therefore, some of the returns are for periods for which the returns were due more than 3 years before the date of the petition (i.e., before April 14, 2001)(hereafter, the "Old Tax liability"). NMTRD filed a proof of claim asserting priority treatment of $55,739.33 for taxes and interest and unsecured treatment of $3,644.16 for penalties. Debtors objected, claiming that pursuant to

Section 507(a)(8)(A) the Old Tax liability and any interest thereon are not priority claims.

    Section 507(a)(8)(A) provides:

    (a) The following expenses and claims have priority in the following order:
    ...
        (8) Eighth, allowed unsecured claims of governmental units; only to the extent that such claims are for–
            (A) a tax on or measured by income or gross receipts–
                (i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
                (ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or
                (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case.

    Section 523(a)(1)(B) provides:

    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
        (1) for a tax or a customs duty–
            ...
            (B) with respect to which a return, if required–
                (i) was not filed; or

Case 04-12685-s13    Doc 67    Filed 07/01/05    Entered 07/05/05 10:24:00 Page 3 of 10

>                    (ii) was filed after the date on which
>                    such return was last due, under
>                    applicable law or under any extension,
>                    and after two years before the date of
>                    the filing of the petition.

NMTRD concedes that the Old Taxes are not a priority claim under either Sections 507(a)(8)(i) or (ii)[1].  See NMTRD's Response to Debtor's Objection to Claim, doc. 52, at 3-4, ¶¶ 14-15.  Therefore, for the Old Taxes to be priority claims, they must fit within Section 507(a)(8)(iii).  That is, the Old Taxes must not be taxes described in Sections 523(a)(1)(B) or (C), and they must be "assessable" after the filing of the bankruptcy.

NMTRD concedes that the Debtor's returns are the only assessments for the Old Taxes.  See NMTRD's Response to Debtor's Objection to Claim, doc. 52, at 2, ¶ 7.  In the case of self-assessment by filing a return, the tax assessment is effective when the department receives the return showing a liability.  § 7-1-17(B)(1) N.M.Stat.Ann. 1978 (2001 Repl.).  Therefore, the Old Taxes were assessable after the filing of the bankruptcy.

Debtors claim that the Old Taxes are § 523(a)(1)(B)(ii) taxes because the respective returns were filed after the date

---

[1] In its Response Brief, doc. 59 at p.10, NMTRD does argue that the Old Taxes are priority under Sections 507(a)(8)(ii). This is dealt with below.

Page -3-

on which they were last due and after two years before the date of the filing of the petition. NMTRD challenges this interpretation, suggesting that Section 523(a)(1)(B)(ii) should be limited to situations where the returns were actually filed before the bankruptcy. In other words, NMTRD seeks to have the two year period end with the petition. NMTRD challenges the Debtors' interpretation of the statute as absurd, because under their interpretation a tax could be priority on one day and not a priority the next if a debtor filed a bankruptcy petition.

> It is well established that "when the statute's language is plain, the sole function of the courts– at least where the disposition required by the text is not absurd– is to enforce it according to its terms." Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000).

Lamie v. United States Trustee, 540 U.S. 526, 534 (2004). In this case, § 523(a)(1)(b)(ii) is clear. It only requires that the return be filed after a date two years prior to the petition. It does not require that the return be filed before the bankruptcy petition. See Savaria v. United States (In re Savaria), 317 B.R. 395, 399-400 (9th Cir. B.A.P. 2004)(Holding that the two year period extends to include post-petition filing of returns.) See also In re Harrell, 318 B.R. 692, 694 (Bankr. E.D. Ark. 2005)(Same, citing cases.) Compare Dixon v. Internal Revenue Service (In re Dixon), 218 B.R. 150, 153 (10th

Page -4-

Cir. B.A.P. 1998)("[A] return coming due after the petition was filed is indeed due 'after three years before' the petition, which is what the statute requires.")(Discussing Section 507(a)(8)(i).)

The Court does not find that application of the statute according to its literal terms is absurd. The Bankruptcy Code and rules are replete with examples where a one day difference is outcome determinative. See, e.g., Section 362(e) (Automatic stay terminates 30 days after creditor requests relief unless court orders it continued to a final hearing); Section 522(l) and Fed.R.Bankr.P. 4003(b) (Property claimed exempt is exempt if no objection is filed within 30 days after conclusion of first meeting of creditors. See Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992)); Section 523(c)(1) and Fed.R.Bankr.P. 4007(c) (Debtor has an affirmative defense if certain complaints objecting to discharge of debt are not filed within 60 days of the first date set for the first meeting of creditors. See Kontrick v. Ryan, 540 U.S. 443, 456 (2004)); Section 546(a)(1) (Trustee must bring all avoidance actions within two years of the order for relief.); Section 547(b)(4)(A) (Trustee can only avoid preferences to non-insiders made on or within 90 days of the petition. See Barnhill v. Johnson, 503 U.S. 393, passim (1992)). Indeed,

arbitrary time limits have always been part of the United States bankruptcy laws. See, e.g., Jordan v. Downey (In re Lamberd), 40 Md. 401, 1874 WL 4743, *7 (Md. 1874)(Section 35[2] of the 1867 Bankruptcy Act allows the assignee to recover preferences made in prior four months and fraudulent transfers made in prior six months.)  Therefore, the Court finds that application of the statute is not absurd even though its effects hinge on a single event (the filing of the petition).

Both parties cite to legislative history in support of their theories.  However, the statute is plain on its face so the Court does not need to examine the legislative history. Lamie, 540 U.S. at 539.

NMTRD also argues that the fact that Debtors waited until after the petition was filed to file the tax returns demonstrates an intention to take advantage of a "loophole" and that therefore the filing is in bad faith.  The Court disagrees.  "The legal right of a taxpayer to decrease the amount of what otherwise would be his taxes, or altogether avoid them, by means which the law permits, cannot be

---

[2]Rev. St. U.S. Sec. 5128 (14 Stat. 534).  Also available at the Library of Congress website: http://lcweb2.loc.gov/ammem/hlawquery.html (last visited June 30, 2005).

doubted." Gregory v. Helvering, 293 U.S. 465, 469 (1935)(Citations omitted.)

> [T]axpayer ingenuity, although channeled into an effort to reduce or eliminate the incidence of taxation, is ground for neither legal nor moral opprobrium. As Learned Hand so eloquently stated, "any one may so arrange his affairs that his taxes shall be as low as possible; he is not bound to choose that pattern which will best pay the Treasury, there is not even a patriotic duty to increase one's taxes..." Helvering v. Gregory, 69 F.2d 809, 810 (2d Cir. 1934), aff'd. 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596 (1935).

Grove v. Commissioner, 490 F.2d 241, 242 (2nd Cir. 1973). In this case, Debtors are availing themselves of benefits authorized by the Bankruptcy Code. This is not bad faith.

Finally, NMTRD argues that Section 1305(b) elevates its claim to priority. Section 1305(a)(1) allows a governmental unit to file a proof of claim "for taxes that become payable" while the Chapter 13 case is pending. Section 1305(b) states that a Section 1305 claim is allowed or disallowed the same as if such claim had arisen before the date of the filing of the petition. If the claim is treated as arising before the petition, NMTRD argues that it should be treated as having a priority claim based on prepetition assessment of the tax, i.e., Section 507(a)(8)(A)(ii). The Court finds, however, that the taxes did not become payable postpetition. Under § 7-1-13(A) N.M.Stat. Ann. 1978 (2001) a taxpayer is liable for

Case 04-12685-s13    Doc 67    Filed 07/01/05    Entered 07/05/05 10:24:00 Page 8 of 10

tax at the time of and after the transaction or incident giving rise to the tax.  In the case of gross receipts taxes, payment is due on the 25th day of the month following the month in which the taxable event occurs.  § 7-9-11 N.M.Stat.Ann. 1978 (2001).  Therefore, all of the Old Taxes were payable before the Chapter 13 case was pending, and do not constitute Section 1305 claims.  See Dixon, 218 B.R. at 152-53 (Section 1305 unavailable for taxes incurred prepetition.)

**CONCLUSION**

Debtors Old Taxes are Section 523(a)(1)(B) taxes because they were filed late and after two years before the bankruptcy petition.  The Old Taxes are therefore not priority taxes under Section 507(a)(8)(A)(iii).  Therefore, Debtors' objection to Claim 9 is sustained.

**ORDER**

IT IS ORDERED that Debtors' objection to claim 9 of the New Mexico Taxation and Revenue Department is sustained.

IT IS ORDERED that the tax debt and interest thereon for all periods prior to March 2001 is allowable as a general unsecured claim only.

                        Honorable James S. Starzynski
                        United States Bankruptcy Judge

I hereby certify that on July 1, 2005, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

Leslie C King, III
PO Box 1923
Santa Fe, NM 87504-1923

James C Jacobsen
111 Lomas NW Ste 300
Albuquerque, NM 87102-2368

Rachael J Zepeda (for info only)
Special Assistant US Attorney
210 E Earll MS 2200 PX
Phoenix, AZ 85012-2626

Kelley L. Skehen, Trustee
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111

*James E. Burke* (signature)